Duane Johnson State Librarian Kansas State Library 300 S.W. 10th Avenue Topeka, Kansas 66612-1593
Dear Mr. Johnson:
As secretary for the state library advisory commission, you request our opinion regarding the commission's authority under K.S.A. 75-2547 et seq. regarding regional systems of cooperating libraries. More specifically, you question the validity of a regulation promulgated by the commission pursuant to those statutes, requiring a taxing district to levy at least 1/4 mill for the support of a public library for two years or more before the district is eligible to petition for exclusion from a regional system. See K.A.R. 54-1-17.
According to K.S.A. 75-2547, the purpose of the subject statutes is "to provide adequate library services to all citizens of the state through the regional systems of cooperating libraries. . . ." K.S.A. 75-2549 sets forth the procedure for establishing a regional system of cooperating libraries. At the time of establishing a system, "territory supporting a library regularly subject to a tax levy of one-fourth (1/4) mill or more" is eligible for exclusion from the proposed system at the request of the governing body making the levy. See also K.S.A. 75-2550. If territory of an existing taxing district is so excluded, the governing body of that taxing district may later petition to be added to and included in the regional system. K.S.A. 75-2550. These provisions indicate the legislature's acknowledgement that there may be circumstances in which a particular area is subject to more than one levy for library purposes.
K.S.A. 75-2550 provides in part:
 "Any taxing district which regularly levies one-fourth mill or more of tax for the support of a public library, and which taxing district has been included in a regional system, may petition to be excluded from the regional system" (Emphasis added.)
A petition for exclusion is to be presented to the state library advisory commission for review and approval. K.S.A. 75-2550. Pursuant to K.S.A. 75-2552 the state commission has authority to "adopt rules and regulations establishing standards for (1) approval of regional system petitions, . . . and (4) such other matters as the state commission may deem advisable." Under this authority the state commission has promulgated K.A.R. 54-1-17 which in part defines the term "regularly levies," as used in K.S.A. 75-2550, to mean levying for a period of not less than two years. You question the validity of this regulation in light of the fact that during the two year period required by the regulation the taxing district will be subject to both a local library levy and a regional system levy.
This particular circumstance has been recognized in previously issued opinions of the attorney general. See e.g. Attorney General Opinions No. 87-108, 80-50, 73-312 (VIII Opinions of the Attorney General 132). In opinions no. 87-108, 81-144 and 80-50 this office concluded that a regulation interpreting the phrase "regularly levies" is an appropriate exercise of the state commission's authority, opinions no. 87-108 and 80-50 specifically approving of the two year requirement. We see no reason to now diverge from the conclusion expressed in those opinions.
Further, we see no constitutional problem with the two year requirement. The standards for guidance established by the legislature in K.S.A. 75-2547 et seq. appear sufficient, thus saving K.S.A. 75-2552
from being an unlawful delegation of legislative authority. See Kaufmanv. State Dept. of Social and Rehabilitative Services, 248 Kan. 951
(1991); Vakas v. Kansas Board of Healing Arts, 248 Kan. 589 (1991); Stateex rel. Tomasic v. Kansas City, 230 Kan. 404 (1981). Neither does there appear to be a double-taxation, due process or equal protection violation. See 71 Am.Jur.2d State and Local Taxation sec. 35 (1973);Board of County Comm'rs v. Robb, 166 Kan. 122 (1948); Morton Salt. Co.v. City of South Hutchinson, 159 F.2d 897 (10th Cir. 1947).
With regard to the appropriate event identifying that the second year of levy has been achieved (i.e. certification of the levy, mailing of the tax statements, collection, etc.), we believe it is within the state commission's discretion to determine what proof is necessary to establish a regular levy for the two year period. In reaching a determination, the commission should be consistent, avoid arbitrary and capricious distinctions, and keep in mind that the purpose of the requirement is to show actual support for a public library other than the regional system of cooperating libraries.
In conclusion, the provisions of K.A.R. 54-1-17 requiring a local levy of at least 1/4 mill for support of a public library for a period of not less than two years is a valid exercise of the state library advisory commission's authority. It is within the commission's discretion to determine when the requirement has been met.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm